IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> FACEBOOK, INC., IMAGESHACK CORPORATION, PHOTOBUCKET.COM, INC., SHUTTERFLY, INC., YAHOO! INC., CORBIS CORPORATION, GETTY IMAGES, INC., and GOOGLE INC., <br><br> Defendants. | Civil Action No. 2:11-cv-00400-JRG <br><br> JURY TRIAL DEMANDED |

## DEFENDANT GOOGLE INC.'S ANSWER AND DEFENSES

Defendant Google Inc. ("Google"), by and through its undersigned counsel, hereby responds to the Princeton Digital Image Corporation ("PDIC") Amended Complaint filed on September 12, 2011 (the "Amended Complaint"). Google denies the allegations and characterizations in the Amended Complaint, unless expressly admitted in the following paragraphs. The Google specific responses to the numbered allegations are set forth below.

### I. PARTIES

1.      Google lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 1 of the Amended Complaint and therefore denies the same.

2.     Google lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 2 of the Amended Complaint and therefore denies the same.

3.     Google lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 3 of the Amended Complaint and therefore denies the same.

4.     Google lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 4 of the Amended Complaint and therefore denies the same.

5.     Google lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 5 of the Amended Complaint and therefore denies the same.

6.     Google lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 6 of the Amended Complaint and therefore denies the same.

7.     Google lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 7 of the Amended Complaint and therefore denies the same.

8.     Google lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 8 of the Amended Complaint and therefore denies the same.

9.     Google admits that it is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

## II.  JURISDICTION AND VENUE

10.      Google admits that this action purports to arise under the patent laws of the United States, Title 35 of the United States Code, § 271 *et seq.*

11.      Google admits that this Court has subject matter jurisdiction over the allegations as pled under 28 U.S.C. §§ 1331 and 1338(a).

12.      Google admits, for purposes of this action only, that personal jurisdiction is proper.  Google denies the remaining allegations contained in Paragraph 12 of the Amended Complaint, including that it has committed any acts of infringement in this judicial district.  To the extent the allegations contained in Paragraph 12 of the Amended Complaint are directed at the other named defendants, Google lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in Paragraph 12 of the Amended Complaint and therefore denies the same.

13.      For purposes of this action only, Google does not contest that venue is proper in this judicial district, but denies that the venue is convenient.  Google denies the remaining allegations contained in Paragraph 13 of the Amended Complaint, to the extent that such allegations are directed at Google. To the extent the allegations contained in Paragraph 13 of the Amended Complaint are directed at the other named defendants, Google lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in Paragraph 13 of the Amended Complaint and therefore denies the same.

## III.  BACKGROUND

14.      Google admits that U.S. Patent No. 4,813,056 (the "'056 patent"), is entitled "Modified Statistical Coding of Digital Signals."  Google admits that the '056 patent lists Nicola J. Fedele as an inventor and that it issued on March 14, 1989.  Google admits that Exhibit A of the Amended Complaint appears to be a copy of the '056 patent.  Google lacks

knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations contained in Paragraph 14 of the Amended Complaint and therefore denies the same.

15.     Google lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 15 of the Amended Complaint and therefore denies the same.

## IV.  INFRINGEMENT OF THE '056 PATENT

16.     Google denies all allegations contained in Paragraph 16 of the Amended Complaint to the extent that such allegations are directed at Google.   To the extent the allegations contained in Paragraph 16 of the Amended Complaint are directed at the other named defendants, Google lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 16 of the Amended Complaint and therefore denies the same.

17.     Google denies all allegations contained in Paragraph 17 of the Amended Complaint to the extent that such allegations are directed at Google.   To the extent the allegations contained in Paragraph 17 of the Amended Complaint are directed at the other named defendants, Google lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 17 of the Amended Complaint and therefore denies the same.

## V.  PRAYER AND RELIEF

Google denies that PDIC is entitled to any of the requested relief and denies any and all allegations contained in the Prayer and Relief in the Amended Complaint.

## TRIAL BY JURY

Google acknowledges that PDIC has requested trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure in the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, Google contends and asserts the following affirmative and other defenses in response to the allegations in the Amended Complaint.  In addition to the affirmative and other defenses described below, subject to the responses above, Google intends to conduct discovery and specifically reserves all rights to assert additional affirmative and other defenses that become known through the course of discovery or otherwise.

### FIRST DEFENSE – NON-INFRINGEMENT

18.    Google has not and does not infringe any valid and enforceable claim of the '056 patent, has not induced or contributed to infringement of any such claims, and is not inducing or contributing to infringement of any such claims, either literally or according to the doctrine of equivalents.

### SECOND DEFENSE – INVALIDITY

19.    On information and belief, the claims of the '056 patent are invalid for failure to satisfy one or more requirements of U.S.C. § 101, *et seq.*

### THIRD DEFENSE – EQUITABLE DEFENSES

20.    On information and belief, the PDIC claims are barred in whole or in part by the doctrines of prosecution history estoppel, laches, estoppel, waiver, equitable estoppel, clean hands, patent misuse, acquiescence, and/or other equitable defenses.

### FOURTH DEFENSE – LIMITATION ON DAMAGES AND COSTS

21.    The claim for relief and prayer for damages of the Amended Complaint are limited by 35 U.S.C. §§ 286 and/or 287.

**FIFTH DEFENSE – IMPROPER JOINDER**

22.     Some or all of the defendants have been improperly joined in a single action and Google asserts its right to a separate trial and/or to have the claims against it and its defenses otherwise determined in a separate proceeding.

**SIXTH DEFENSE – FAILURE TO STATE A CLAIM**

23.     The Amended Complaint fails to state a claim upon which any relief may be granted.

**SEVENTH DEFENSE – EXHAUSTION**

24.     On information and belief, the claim for relief and prayer for damages of the Amended Complaint are barred or otherwise limited based on patent exhaustion, the "first sale" doctrine, and restrictions on double recovery.

**EIGHTH DEFENSE – LICENSE**

25.     On information and belief, the PDIC claims are barred in their entirety as Google has an express and/or implied license to the '056 patent.

**NINTH DEFENSE – NON-EXCEPTIONAL CASE**

26.     PDIC has not alleged any basis for and cannot prove that this is an exceptional case that would justify any award of attorney fees against Google pursuant to 35 U.S.C. § 285.

DATED:  January 23, 2012                    Respectfully Submitted,

*/s/ Cono A. Carrano*
Cono A. Carrano
Lead Attorney
D.C. Bar No. 445995
Akin Gump Strauss Hauer & Feld, LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone:  202.887.4136
Facsimile:  202.887.4288
Email:  ccarrano@akingump.com

Dianne B. Elderkin
Akin Gump Strauss Hauer & Feld, LLP
Two Commerce Square, Suite 4100
2001 Market Street
Philadelphia, PA 19103
Telephone:  215.965.1340
Facsimile:  215.965.1210
Email: delderkin@akingump.com

David C. Vondle
Akin Gump Strauss Hauer & Feld, LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone:  202.887.4184
Facsimile:  202.887.4288
Email:  dvondle@akingump.com

John Wittenzellner
Akin Gump Strauss Hauer & Feld, LLP
Two Commerce Square, Suite 4100
2001 Market Street
Philadelphia, PA 19103
Telephone:  215.965.1241
Facsimile:  215.965.1210
Email: jwittenzellner@akingump.com

Jennifer Parker Ainsworth
Wilson Robertson & Cornelius PC
909 ESE Loop 323, Suite 400
P.O. Box 7339
Tyler, TX  75711
Telephone:  903.509.5000
Facsimile:  903.509.5092
Email: jainsworth@wilsonlawfirm.com

*Counsel for Defendant Google Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on January 23, 2012.  Any other counsel of record will be served by First Class U.S. mail on this same date.


/ s /  *Cono A. Carrano*
Cono A. Carrano