UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FACEBOOK, INC., IMAGESHACK CORPORATION, PHOTOBUCKET.COM, INC., SHUTTERFLY, INC., YAHOO! INC., CORBIS CORPORATION, GETTY IMAGES, INC., and GOOGLE, INC.<br><br>　　　　　Defendants. | Case No.: 2:11-cv-00400-JRG |

**FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
<u>FIRST AMENDED COMPLAINT</u>**

Defendant Facebook, Inc. ("Facebook") hereby submits the following Answer to the First Amended Complaint of Princeton Digital Image Corporation ("Princeton"):

**I.　PARTIES**

1.　Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

2.　Facebook admits that it is a Delaware corporation. Facebook denies that its principal place of business is at 1601 South California Avenue, Palo Alto, California 94304. Facebook's principal place of business is at 1601 Willow Road, Menlo Park, California 94025.

3.　Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

4.　Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

5.　Facebook lacks sufficient information to form a belief as to the truth of the

allegations recited in this paragraph, and on that basis denies them.

6. Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

7. Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

8. Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

9. Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

## II.   JURISDICTION AND VENUE

10. Facebook admits that the First Amended Complaint alleges patent infringement. The remainder of this paragraph contains legal conclusions to which no response is required.

11. This paragraph contains legal conclusions to which no response is required.

12. Facebook denies that this Court has personal jurisdiction over the claims for relief in the First Amended Complaint as to Facebook. Facebook denies that it has committed acts of infringement, in this or any other district. Except as expressly admitted herein, Facebook denies the remaining allegations of this paragraph as they pertain to Facebook. With respect to the allegations in this paragraph that relate to parties other than Facebook, Facebook lacks sufficient information to form a belief as to the truth of those allegations, and on that basis denies them.

13. Facebook denies that venue is appropriate in the Eastern District of Texas. The remainder of this paragraph contains legal conclusions to which no response is required.

## III.   BACKGROUND

14. Facebook admits that the face of United States Patent No. 4,813,056 (the "'056 patent") lists its title as "Modified Statistical Coding of Digital Signals" and bears an issuance date of March 14, 1989. Facebook further admits that the face of the patent states that it was issued to Nicola J. Fedele, and that a copy of the patent is attached to the First Amended Complaint as Exhibit A. Facebook denies that the '056 patent was duly and legally issued.

Facebook further denies that the '056 patent was at all times or any time valid and subsisting.

15. Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

### IV.   ALLEGED INFRINGEMENT OF THE '056 PATENT

16. Facebook denies that it has infringed claims 18, 20, 21 and 23 of the '056 patent. Facebook denies the remaining allegations in this paragraph to the extent they relate to Facebook. With respect to the allegations in this paragraph that relate to parties other than Facebook, Facebook lacks sufficient information to form a belief as to the truth of those allegations, and on that basis denies them.

17. Facebook denies that it has committed any wrongful acts, and that Princeton has sustained any damages to the extent Princeton's damages claim relates to Facebook. Facebook denies the remaining allegations in this paragraph to the extent they relate to Facebook. With respect to the allegations in this paragraph that relate to parties other than Facebook, Facebook lacks sufficient information to form a belief as to the truth of those allegations, and on that basis denies them.

### V.   PRAYER FOR RELIEF

Facebook incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein. Facebook denies that Princeton is entitled to any relief sought in Princeton's Prayer for Relief against Facebook.

### VI.   DEMAND FOR JURY TRIAL

Facebook hereby demands a jury trial for all issues so triable.

### VII.   GENERAL DENIAL

To the extent not expressly admitted above, the factual allegations contained in the First Amended Complaint are denied.

## VIII. AFFIRMATIVE DEFENSES

As further answer and as affirmative defenses, and without altering any burden of proof, Facebook alleges the following:

### FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

1. Princeton's First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE - NON-INFRINGEMENT

2. Facebook has not infringed, directly or indirectly, any valid claim of the '056 patent, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE – INVALIDITY

3. One or more of the asserted claims of the '056 patent are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. § 101 *et seq*.

### FOURTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

4. Princeton is barred or limited from recovery in whole or in part by the doctrine of prosecution history estoppel.

### FIFTH AFFIRMATIVE DEFENSE – LIMITATION ON DAMAGES

5. Princeton is barred or limited from recovery under 35 U.S.C. §§ 286-287.

### SIXTH AFFIRMATIVE DEFENSE – IMPROPER JOINDER

6. On information and belief, some or all of the defendants have been improperly joined in a single action, and Facebook asserts its right to a separate trial.

### SEVENTH AFFIRMATIVE DEFENSE – EXPRESS OR IMPLIED LICENSE / PATENT EXHAUSTION

7. Princeton's claims for patent infringement against Facebook are precluded to the extent that any allegedly infringing acts were performed pursuant to an express or implied license to the patent-in-suit and/or that Princeton's claims are precluded pursuant to the doctrine

of patent exhaustion.

### EIGHTH AFFIRMATIVE DEFENSE – IMPROPER VENUE / LACK OF JURISDICTION

8. Venue is not proper under 28 U.S.C. § 1400(b) because Facebook has not committed acts of infringement in this District, does not have a regular and established place of business in this District and does not reside in this District as there is no personal jurisdiction over Facebook based on the claims for relief in the First Amended Complaint, in either this district or this state.

### OTHER AFFIRMATIVE DEFENSES

9. Facebook reserves the right to assert additional affirmative defenses during or upon the completion of discovery.

Date: January 23, 2012

Of Counsel:

Heidi L. Keefe (CA Bar 178960)
COOLEY LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Phone: (650) 843-5000
Fax: (650) 857-0663
hkeefe@cooley.com

Respectfully submitted,

/s/ Heidi L. Keefe

Deron R. Dacus
Texas Bar No. 00790553
RAMEY & FLOCK, P.C.
100 E. Ferguson, Suite 500
Tyler, TX 75702
Phone: (903) 510-5226
Fax: (903) 597-2413

*Attorneys For Defendant Facebook, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this **ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by facsimile on this 23rd day of January, 2012.

/s/ *Heidi L. Keefe*
Heidi L. Keefe