IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | § § § § § | |
| Plaintiff, | | |
| vs. | § § § | CASE NO. 2:11-CV-400-JRG |
| FACEBOOK, INC., IMAGESHACK CORPORATION, PHOTOBUCKET.COM, INC., SHUTTERFLY, INC., YAHOO! INC., CORBIS CORPORATION, GETTY IMAGES, INC., AND GOOGLE, INC. | § § § § § § § § | JURY TRIAL DEMAND |
| Defendants. | § § | |

**DEFENDANT GETTY IMAGES, INC'S OPPOSED MOTION TO DISMISS**

### I.      INTRODUCTION

Defendant Getty Images, Inc. ("Getty Inc.") is a holding company that has never done business or been licensed to do business in Texas, has never had employees in Texas, has never had offices in Texas, and has never paid any taxes to the State of Texas.  Getty Inc. was wrongly named in the Complaint, because plaintiff confused it with its operating subsidiary—Getty Images (US), Inc.  In its answer to the Complaint (Dkt. No. 60), Getty Inc. pled lack of personal jurisdiction.  Getty Inc. did not earlier move to dismiss for lack of personal jurisdiction because it assumed that plaintiff and its counsel would agree to substitute Getty Images (US), Inc. for Getty Inc.

Plaintiff and its counsel refused any substitution, however, apparently to confuse issues relating to defendants' pending motion to transfer.  In particular, plaintiff has opposed the motion to transfer on the basis that defendants have not established that Getty Inc. would have been

subject to jurisdiction in the Northern District of California.  The opposition is misleading, at best, because plaintiff knows that Getty Inc. is not subject to jurisdiction *in this district*.  Because Getty Inc. is not the proper defendant, and because plaintiff has refused to substitute Getty Inc. for the proper defendant, Getty Inc. was forced to bring this motion.  The Court should dismiss Getty Inc. for lack of personal jurisdiction.[1]  As has already been offered to plaintiff, Getty Images (US), Inc. does not object to being substituted as defendant.

This motion is supported by the Declaration of Megan Murphy filed herewith.  Ms. Murphy confirms the relevant facts.

## II.    RELEVANT FACTS

This is an action for alleged infringement of U.S. Patent No. 4,813,056 ("the '056 patent") which expired on December 8, 2007.  The First Amended Complaint makes a single conclusory assertion that all named defendants have "infringed claims 18, 20, 21 and 23 of the '056 patent by . . . encoding images in a matter that infringed claims of the '056 patent . . . ."  First Amended Complaint (Dkt. No. 3), ¶ 16.  In response to the Complaint, defendant Getty Inc. asserted various affirmative defenses, including lack of personal jurisdiction.  *See* Answer to Plaintiff's First Amended Complaint and Affirmative Defenses (Dkt. No. 40), at ¶ 4.

Getty Inc. is a holding company that does not engage in business operations.  Murphy Decl. ¶ 3.  Getty Inc. has never had any offices in Texas.  *Id.*  Getty Inc. has never had any

---

[1] Getty Inc. preserved its right to assert lack of personal jurisdiction by pleading the defense in its answer. *See* Fed. R. Civ. P. 12(h); *Rates Technology Inc. v. Nortel Networks Corp.*, 399 F.3d 1302 (Fed. Cir. 2005) (affirming dismissal for lack of personal jurisdiction and holding that defense is not waived if pled in answer even where defendant asserts counterclaim); *see also Bayou Steel Corp. v. M/V Amstelvoorn*, 809 F.2d 1147, 1149 (5th Cir. 1987) ("We now adopt what we consider to be the better reasoned and prevailing view, and hold that the filing of a counterclaim, cross-claim, or third-party demand does not operate as a waiver of an objection to jurisdiction, whether that objection is raised by motion or answer, provided that the objection is not otherwise waived in the course of the litigation.")

employees in Texas. *Id.* Getty Inc. has never paid taxes to the State of Texas. *Id.* Getty Inc. has never been licensed to do business in Texas and has never had customers in Texas. *Id.* Getty Inc. never engaged in or supervised the encoding or compressing of images. *Id.* Getty Images (US), Inc. is the operating entity for Getty Images Inc., and engages in compressing and encoding images. *Id.* ¶ 4.

In opposition to defendants' motion to transfer, plaintiff argued that defendants have not established that Getty Inc. could have been sued for infringement in Northern California. *See, e.g.*, Plaintiff's Surreply in Opposition to Motion to Transfer (Dkt. No. 69). Plaintiff expressly argued that defendants have not proven that Getty Inc. was subject to jurisdiction merely from the posting of a picture, because the "patented process involves the use of compression technology [and] [t]here is no indication that any compression technology was used in connection with the posting of this photograph." *Id.* at 3.

Counsel for Getty Inc. has asked counsel for plaintiff to substitute the proper Getty Images entity for defendant Getty Inc. Plaintiff's counsel has refused.

### III. GETTY INC. IS NOT SUBJECT TO PERSONAL JURISDICTION

In response to a challenge regarding personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *See Centre One v. Vonage Holdings Corp.*, No. 6:08CV467, 2009 WL 2461003, at *2 (E.D. Tex. Aug. 10, 2009) ("Once a movant challenges a court's jurisdiction over him, the party asserting jurisdiction bears the burden to show the movant has minimum contacts with the forum state to support jurisdiction over the movant.") (citing *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001)); *see also James Avery Craftsman, Inc. v. Lugosch*, 486 F. Supp. 2d 595, 597 (W.D. Tex. 2007) ("When a non-resident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff

bears the burden of establishing the district court's jurisdiction over the non-resident."). In assessing personal jurisdiction, this Court is not required to credit conclusory allegations, even if uncontroverted. *Panda Brandywine v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

In a patent case, Federal Circuit law governs whether personal jurisdiction exists. *Silent Drive, Inc. v. Strong Indust., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). A court can exercise personal jurisdiction over an out-of-state defendant if the forum state's long-arm statute permits jurisdiction without violating federal due process. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Because Texas' long-arm statute reaches as far as the federal constitutional requirements of due process will allow, the analysis collapses into the federal due-process inquiry. *Variant, Inc. v. Felxsol Packaging Corp.*, No. 6:08 CV 478, 2009 WL 3082581, at *1 (E.D. Tex. Sept. 21, 2009). Due process requires an out-of-state defendant have minimum contacts with the forum such that maintaining the suit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe*, 326 U.S. at 316. "Under the minimum contacts test, a defendant may be subject to either specific jurisdiction or general jurisdiction." *Hockerson-Halberstadt, Inc. v. Prophet USA, Inc.*, 62 Fed. Appx. 322, 336 (Fed. Cir. 2003). For the reasons below, Getty Inc. is not subject to either.

A.   **General Jurisdiction Does Not Exist**

General jurisdiction arises when a defendant maintains "continuous and systematic" contacts with the forum state. "However, these contacts must be 'so substantial and of such a nature as to justify suit [against the defendant] on causes of action arising from dealings entirely different from those activities.'" *Id.* at 337 (citing *Int'l Shoe,* 326 U.S. at 318). This requirement presents a difficult standard for the resident plaintiff to meet. *Diebold Election Sys., Inc. v. AI*

*Tech., Inc.*, 562 F. Supp. 2d 866, 876 (E.D. Tex. 2008); *see also Avocent Huntsville Corp. v. Aten Intern, Co., Ltd.,* 552 F.3d 1324, 1330 (Fed. Cir. 2008).

The types of contacts with which the forum state courts have found to give rise to personal jurisdiction include property ownership, payment of taxes, frequent travel, having an office or employees in Texas, designating an agent for service of process in Texas, and regular conduct of business or maintenance of bank accounts in Texas. *Harris v. Action Chrysler Jeep Dodge, Inc.*, No. 2:09–CV–286, 2010 WL 3489084, at *2 (E.D. Tex. Aug. 12, 2010) (finding no general jurisdiction where defendant is not licensed to do business in Texas, has no presence in Texas, and has no agents or employees in Texas); *York Group, Inc. v. Horizon Casket Group, Inc.*, No. H-05-2181, 2006 WL 2141081, at *6 (S.D. Tex. Jul. 28, 2006).

In *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984), the Supreme Court found the forum state did not have jurisdiction over a non-resident defendant where it did not have a place of business in Texas and was not licensed to do business in Texas. *Helicopteros*, 466 U.S. at 416. The Court reached this conclusion even though the defendant had previously sent its chief executive officer to Houston for contract negotiations, accepted checks drawn from a Houston bank, and sent personnel to Texas for training. *Id.*

Getty Inc. has no contacts with the State of Texas that could justify the exercise of general jurisdiction. Getty Inc. has never done business in Texas, has never had offices or employees in Texas, and has never paid any taxes or fees in Texas. As a result, this Court does not have general jurisdiction over Getty Inc.

B.   **Specific Jurisdiction Does Not Exist**

Not only does this Court not have general jurisdiction over Getty Inc., it also does not have specific jurisdiction. Specific jurisdiction is based on activities that arise out of or relate to

- 5 -

the cause of action, and can exist even if the defendant's contacts are not continuous and systematic. *Autogenomics, Inc. v. Oxford Gene Technology Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985). A court may exercise specific jurisdiction when (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair. *Autogenomics*, 566 F.3d. at 1018. Plaintiff has the burden of proving the first two prongs. The defendant has the burden to present a compelling case that the presence of other considerations would render jurisdiction unreasonable only if plaintiff meets its burden of proof. *Id.*

There is no basis for asserting that specific jurisdiction exists in this district. There is no evidence, for example, that Getty Inc. has ever used the allegedly infringing compression technology in Texas. In fact, Getty Inc. does not compress or encode images in any district, including this district. Accordingly, there is no basis for the exercise of personal jurisdiction.

## IV.   CONCLUSION

Because there is no personal jurisdiction over Getty Inc., Getty Inc. should be dismissed from the case. Dismissal will not cause prejudice to plaintiff because it can add the proper operating entity. In fact, as indicated above, that entity agreed to be substituted for Getty Inc. in this case. Plaintiff and its counsel refused such substitution, apparently only for the purpose of attempting to undermine defendants' motion to transfer.

Dated:  July 17, 2012.

Respectfully submitted,

*/s/ Ramsey M. Al-Salam*
Ramsey M. Al-Salam (No. 18822)
Sher S. Kung (No. 42077)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
ralsalam@perkinscoie.com
skung@perkinscoie.com
206-359-8000 / Fax 206-359-9000

Michael E. Jones, Esq.
State Bar No. 10929400
Allen F. Gardner, Esq.
State Bar No. 24043679
POTTER MINTON PC
P.O. Box 359
Tyler, TX 75710-0359
Telephone: 903-597-8311
Facsimile: 903-593-0846
mikejones@potterminton.com
allengardner@potterminton.com

ATTORNEYS FOR DEFENDANT
GETTY IMAGES, INC.

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 17th day of July, 2012.

*/s/ Ramsey M. Al-Salam*
Ramsey M. Al-Salam

25828-0259/LEGAL24172425.2